UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE WINFREY,

                              Plaintiff,

            -against-                                        26-CV-1804 (LLS)

BOOMPLAY MUSIC; TRANSNET MUSIC                              ORDER TO AMEND
LIMITED; ZHAOJIAN ZHU; TRANSSION
HOLDINGS CO. LTD.,

                              Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action asserting a claim of copyright

infringement under 17 U.S.C. § 101 *et seq*. By order dated March 13, 2026, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For

the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within

60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### BACKGROUND

Plaintiff filed this complaint against: (1) Boomplay Music and its "developer," Transnet Music Limited, both located in Lagos, Nigeria; and (2) Shenzhen Transsion Holdings Limited and its "owner," Zhu Zhaojiang, both located in Shenzhen, China. (ECF 1 at 4.) According to Plaintiff, Boomplay committed "copyright infringement" on December 19, 2025, by engaging in "unauthorized reproduction and distribution of selling [Plaintiff's] records." (*Id.* at 6.) Plaintiff does not assert any facts against the other Defendants. Attached to the complaint is a copyright registration for one song entitled "Because I Love You."[1] (*Id.* at 8.)

---

[1] The same copyright registration is attached to four other *pro se* copyright infringement complaints that Plaintiff filed in this court. *See Winfrey v. Reverbnation*, No. 26-CV-1803 (UA)

**DISCUSSION**

To state a plausible copyright infringement claim, a plaintiff must establish (1) ownership of a valid copyright and (2) infringement of that copyright by the defendant. *See Feist Publications, Inc. v. Rural Telephone Servs. Co.*, 499 U.S. 340, 361 (1991); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Registered copyrights are presumed valid. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001). District courts within this Circuit require a plaintiff to allege by what acts the defendant infringed the copyright. *See, e.g.*, *Conan Props. Int'l LLC v. Sanchez*, No. 17-CV-0162, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing *Feist*, 499 U.S. at 361).

Copyright infringement claims must be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Courts have found that a defendant "may be found [for purposes of § 1400(a)] in any district in which he is subject to personal jurisdiction." *Boehm v. Zimprich*, No. 13-CV-1031 (PAC), 2013 WL 6569788, at *2 (S.D.N.Y. Dec. 13, 2013) (collecting cases). To determine whether a defendant to a copyright action is subject to personal jurisdiction in a New York district court, courts look to New York State's long-arm statute, Section 302 of the New York Civil Practice Law and Rules, which, among other things, permits personal jurisdiction over a "non-domiciliary . . . who . . . transacts any business within the state or contracts anywhere to supply goods or services in the state[,]" N.Y.C.P.L.R. § 302(a)(1); *see Boehm*, 2013 WL 6569788, at *2; *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), *aff'd*, 71 F.3d 464 (2d Cir. 1995).

---

(S.D.N.Y. filed Mar. 4, 2026); *Winfrey v. Spotify USA Inc.*, No. 25-CV-10548 (UA) (S.D.N.Y. filed Dec. 19, 2025); *Winfrey v. Apple Music*, No. 25-CV-10547 (UA) (S.D.N.Y. filed Dec. 18, 2025); *Winfrey v. Amazon Music*, No. 25-CV-10546 (VSB) (S.D.N.Y. filed Dec. 18, 2025).

Plaintiff provides addresses for Defendants in Nigeria and China. (ECF 1 at 3-4.) He does not allege any facts suggesting that Defendants transact business in this district or contract anywhere to supply goods or services in this state. Thus, it does not appear that this Court is a proper venue for Plaintiff's copyright infringement claims against these defendants, or that Defendants are subject to jurisdiction under New York law.

Additionally, Plaintiff's complaint does not comply with Rule 8, because it does not provide facts explaining how each Defendant infringed on Plaintiff's copyright. *Twombly*, 550 U.S. at 555. The complaint contains no allegations at all against Transnet Music Limited, Shenzhen Transsion Holdings Limited, and Zhu Zhaojiang. The only assertions in the complaint, that Boomplay engaged in "unauthorized reproduction and distribution of selling" Plaintiff's records (ECF 1 at 6), are somewhat vague. Additionally, the complaint does not describe the nature of Defendants' businesses, explain the Defendants' relationship with each other, and why they are named collectively in this lawsuit. The Court therefore grants Plaintiff leave to file an amended complaint as set forth below.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

4

The Court grants Plaintiff leave to file an amended complaint to provide any facts: (1) supporting copyright infringement claims against Defendants; and (2) showing that (i) venue is proper in this district; and (ii) this Court has personal jurisdiction of Defendants. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CBJC SDNY FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project, which assists self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer is attached.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 26-CV-1804 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated:    March 16, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:  □ Yes      □ No
(check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name  _____
                 Street Address  _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                1

Defendant  No. 1    Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant  No. 2    Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant  No. 3    Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant  No. 4    Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

**What happened to you?**

_____

_____

_____

**Who did what?**

_____

_____

_____

_____

**Was anyone else involved?**

_____

_____

**Who else saw what happened?**

_____

_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

*Rev. 12/2009*                    3

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Mailing Address    _____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number    _____

*Rev. 12/2009*                          4

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court





